# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **AMERICA FIRST FOUNDATION,** | Case No. 2:24-cv-12684-DPH-DRG |
| Plaintiff, | **Hon. Denise Page Hood** |
| v. | **Mag. David R. Grand** |
| **CLAY STREET ENTERTAINMENT, LLC,** | |
| Defendant. | |

**BRISTOW LAW, PLLC**
Kyle J. Bristow (P77200)
P.O. Box 453
St. Clair, MI 48079
(T): (248) 838-9934
(F): (586) 408-6384
(E): bristowlaw@gmail.com
*Attorney for America First Foundation*

**LAW OFFICE OF BEN GONEK, PLLC**
Ben M. Gonek (P43716)
14290 Northline Rd.
Southgate, MI 48195
(T): (313) 963-3377
(F): (313) 924-1284
(E): ben@goneklaw.com
*Attorney for Clay Street Entertainment, LLC*

**LAW OFFICE OF JAMES GEROMETTA**
James R. Gerometta (P60260)
27 E. Flint St., Ste. 2
Lake Orion, MI 48362
(T): (313) 899-7826
(E): james@geromettalaw.com
*Attorney for Clay Street Entertainment, LLC*

## PARTIES' JOINT FED. R. CIV. P. 26(f) STATEMENT

NOW COMES America First Foundation ("Plaintiff"), by and through Attorney Kyle J. Bristow, and Clay Street Entertainment, LLC ("Defendant"), by

and through Attorneys James R. Gerometta and Ben M. Gonek, and hereby submits the Parties' Joint Fed. R. Civ. P. 26(f) Statement pursuant to the Court's Order entered January 13, 2025 (ECF No. 8, PageID. 32):

**I. WHAT CHANGES SHOULD BE MADE IN THE TIMING, FORM, OR REQUIREMENT FOR DISCLOSURES UNDER RULE 26(A), INCLUDING A STATEMENT OF WHEN INITIAL DISCLOSURES WERE MADE OR WILL BE MADE**
**(Fed. R. Civ. P. 26(f)(3)(A))**

1. The Parties agree that they will serve their Initial Disclosures upon each other no later than February 17, 2025.

**II. THE SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED, WHEN DISCOVERY SHOULD BE COMPLETED, AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR BE LIMITED TO OR FOCUSED ON PARTICULAR ISSUES**
**(Fed. R. Civ. P. 26(f)(3)(B))**

1. Discovery is needed to determine whether Plaintiff and/or Show Ready Technologies, Inc. (a/k/a Success Strategies Unlimited, Inc.) entered into a rental agreement and to determine the terms of any agreement.

2. Discovery is needed to ascertain whether Plaintiff and/or Show Ready Technologies, Inc. misled Defendant into the purpose of the rental agreement at issue.

3. Discovery is needed to ascertain to which extent, if any, Defendant was actually aware that Plaintiff was the intended third-party beneficiary of any rental agreement at issue in the controversy.

4. Discovery is needed to determine whether Plaintiff and/or Show Ready Technologies, Inc. breached any material term or condition of any contract.

5. Discovery is needed to ascertain to what extent Plaintiff suffered financial injury as a direct and proximate result of any breach of the rental agreement at issue in the controversy.

6. The Parties propose nine months of discovery.

7. The Parties agree that discovery need not be conducted in phases or be limited or focused on particular issues, but if a discovery dispute arises, the Parties will try to resolve it on their own before seeking assistance from the Court.

### III.  ANY ISSUES ABOUT DISCLOSURE, DISCOVERY, OR PRESERVATION OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED
### (Fed. R. Civ. P. 26(f)(3)(C))

1. There are no currently contemplated issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced, but if a discovery dispute arises, the Parties will try to resolve it on their own before seeking assistance from the Court.

### IV.  ANY ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING— IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THESE CLAIMS AFTER PRODUCTION—WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER UNDER FED. R. EVID. 502
### (Fed. R. Civ. P. 26(f)(3)(D))

1. There are no currently contemplated issues about privilege or of trial-preparation materials, but if such a dispute arises, the Parties will try to resolve it on their own before seeking assistance from the Court.

### V. WHAT CHANGES SHOULD BE MADE IN THE LIMITATIONS ON DISCOVERY IMPOSED UNDER THESE RULES OR BY LOCAL RULE, AND WHAT OTHER LIMITATIONS SHOULD BE IMPOSED
### (Fed. R. Civ. P. 26(f)(3)(E))

1. The Parties do not currently believe that any changes should be made regarding limitations on discovery imposed by the Court Rules or Local Rules.

### VI. ANY OTHER ORDERS THAT THE COURT SHOULD ISSUE UNDER RULE 26(C) OR UNDER RULE 16(B) AND (C)
### (Fed. R. Civ. P. 26(f)(3)(F))

1. The parties agree that a Protective Order can be entered covering materials produced during discovery. They may submit an appropriate Stipulated Protective Order to the Court.

2. The Parties do not currently believe that any other orders should issue under Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).

Respectfully submitted,

| **BRISTOW LAW, PLLC** | **LAW OFFICE OF JAMES GEROMETTA** |
|---|---|
| /s/ Kyle J. Bristow | /s/ James Gerometta (with Consent) |
| Kyle J. Bristow (P77200) | James R. Gerometta (P60260) |
| P.O. Box 453 | 27 E. Flint St., Ste. 2 |
| St. Clair, MI 48079 | Lake Orion, MI 48362 |
| (T): (248) 838-9934 | (T): (313) 899-7826 |

| | |
|---|---|
| (F):  (586) 408-6384 | (E):  james@geromettalaw.com |
| (E):  bristowlaw@gmail.com | *Attorney for Clay Street Entertainment, LLC* |
| *Attorney for America First Foundation* | |

Dated:  January 23, 2025                              Dated:  January 23, 2025

## **CERTIFICATE OF SERVICE**

I, Kyle J. Bristow, affirm that I am an attorney of record for a party to the above-captioned civil action, and on January 23, 2025, I submitted this document to the Court's Electronic Filing System which should provide notice of said filing to all attorneys of record for parties to the instant civil action who have registered to receive such service.

/s/ Kyle J. Bristow
Kyle J. Bristow (P77200)
P.O. Box 453
St. Clair, MI 48079
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
*Attorney for America First Foundation*

Dated:  January 23, 2025