# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **AMERICA FIRST FOUNDATION,** | Case No. 2:24-CV-12684-DPH-DRG |
| Plaintiff, | Hon. Denise Page Hood |
| v. | Mag. David R. Grand |
| **CLAY STREET ENTERTAINMENT, LLC,** | |
| Defendant. | |

**BRISTOW LAW, PLLC**
Kyle J. Bristow (P77200)
P.O. Box 453
St. Clair, MI 48079
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
*Attorney for America First Foundation*

**LAW OFFICE OF BEN GONEK, PLLC**
Ben M. Gonek (P43716)
14290 Northline Rd.
Southgate, MI 48195
(T):  (313) 963-3377
(F):  (313) 924-1284
(E):  ben@goneklaw.com
*Attorney for Clay Street Entertainment, LLC*

**LAW OFFICE OF JAMES GEROMETTA**
James R. Gerometta (P60260)
27 E. Flint St., Ste. 2
Lake Orion, MI 48362
(T):  (313) 899-7826
(E):  james@geromettalaw.com
*Attorney for Clay Street Entertainment, LLC*

## PLAINTIFF AMERICA FIRST FOUNDATION'S
## FIRST AMENDED COMPLAINT

NOW COMES America First Foundation ("Plaintiff"), by and through Attorney Kyle J. Bristow, and hereby propounds upon Clay Street Entertainment, LLC ("Defendant"), and this Honorable Court Plaintiff America First Foundation's First Amended Complaint:

## I. INTRODUCTION

1. Plaintiff is suing Defendant for the significant financial injury Plaintiff suffered as a direct and proximate result of Defendant failing to honor Defendant's contractual obligations to Plaintiff when Defendant effectuated a last-minute cancellation of a venue reservation which derailed Plaintiff's annual America First Political Action Conference.

## II. PARTIES

2. Plaintiff is a 501(c)(4) non-profit corporation existing by and through the law of the State of Delaware, and Plaintiff's principal place of business is located in City of Chicago, Cook County, State of Illinois.

3. Defendant is a limited liability company existing by and through the law of the State of Michigan, and, upon information and belief, Defendant's principal place of business is located in City of Detroit, Wayne County, State of Michigan. According to the website of the Michigan Department of Licensing and Regulatory Affairs, the resident agent of Defendant is Dennis Kefallinos at the address commonly known as 1600 Clay Street, Detroit, MI 48211.

### III. JURISDICTION & VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action, because the controversy involves a dispute in excess of $75,000.00 and there is complete diversity of citizenship between Plaintiff and Defendant. See 28 U.S.C. § 1332.

5. This Court enjoys personal jurisdiction over Defendant, because Defendant is subject to the jurisdiction of a court of general jurisdiction within the State of Michigan insofar as Defendant is organized under the law of the State of Michigan, Defendant's principal place of business is located in the State of Michigan, and Plaintiff's breach of contract claim against Defendant relates to misconduct which occurred in the State of Michigan. See Fed. R. Civ. P. 4(k)(1)(A); Mich. Comp. Laws § 600.711(1) and (3).

6. Venue is proper with this Court for the instant civil action because a substantial part of the events or omissions giving rise to Plaintiff's breach of contract claim against Defendant occurred in the Court's district. See 28 U.S.C. § 1391(b)(2).

### IV. STATEMENT OF FACTS

7. Plaintiff is a politically right-of-center organization dedicated to crafting a new vision of the American nation, and it does so by championing the role of God in society and upholding the principles of nationalism, Christianity, and

traditionalism.  Led by Nicholas J. Fuentes, Plaintiff maintains a website at <https://americafirstfoundation.org/>.

8. Since being founded in 2020 and 2023, Plaintiff has annually hosted its America First Political Action Conference, which is an assembly of people who wish to hear presentations by speakers about political and cultural matters from the perspective of Plaintiff.  Other than Nicholas J. Fuentes, prior speakers of these conferences have included various patriotic conservative and right-wing speakers, such as author Michelle Malkin, journalist Scott Greer, former U.S. Congressman Steve King, U.S. Congressman Paul Gosar, U.S. Congresswoman Marjorie Taylor Green, former Maricopa County Sheriff Joe Arpaio, radio show host Jesse Lee Peterson, former Lieutenant Governor of Idaho Janice McGeachin, and Arizona State Representative Wendy Rogers.

9. On or about March 4, 2024, Plaintiff retained the services of Show Ready Technologies, Inc., a for-profit corporation existing by and through the law of the State of Michigan, and which maintains a website at <https://showreadytech.com/>, to assist Plaintiff by acting as Plaintiff's agent to procure a venue for Plaintiff's 2024 America First Political Action Conference.  At all relevant times of the controversy, Show Ready Technologies, Inc., was authorized to act on Plaintiff's behalf as Plaintiff's booking agent and intermediary, and Show Ready Technologies, Inc., enjoyed actual and/or apparent authority to act on behalf of Plaintiff.

10. Deborah Kanter is, upon information and belief, the owner and president of Show Ready Technologies, Inc., and she communicated with Defendant's agents or employees to procure a venue for Plaintiff's 2024 America First Political Action Conference.

11. At all times relevant to the instant controversy, Defendant owns or has the right to lease the Russell Industrial Center, which is located at the address commonly known as 1600 Clay Street, Detroit, MI 48211. See <https://www.russellindustrialcenter.com/>.

12. On March 15, 2024, Nicholas J. Fuentes and another representative of Plaintiff attended a walkthrough of the Russell Industrial Center with Kory Miller, who is, upon information and belief, the Director of Business Development for Show Ready Technologies, Inc., and Karen Addison, who is, upon information and belief, a manager of the Russell Industrial Center and an agent or employee of Defendant. During this walkthrough, Nicholas J. Fuentes was abundantly transparent about who he was, that Plaintiff is a right-of-center political organization, and the nature of the planned event, insofar as Nicholas J. Fuentes did not want his time or Plaintiff's financial resources to be wasted if Defendant was inclined to engage in political discrimination against Plaintiff. Karen Addison did not whatsoever object to the nature of the event and/or Plaintiff's political ideology and the rental request was

5

approved by Ms. Addison, who was prepared to and in fact offered to provide a written rental agreement which could be signed that day.

13. An agreement was entered into by and between Plaintiff and Defendant wherein approximately 40,000 square feet of the main floor of the Russell Industrial Center would be leased for Plaintiff's use for a speaking engagement on June 15, 2024, at 9:00 p.m., to June 16, 2024, at 2:00 a.m., in exchange for Defendant being financially compensated for the same. Upon information and belief, on April 2, 2024, Show Ready Technologies, Inc., sent $7,198.00 to Defendant as a deposit for the venue, which was paid by Show Ready Technologies, Inc., within the scope of its authority as Plaintiff's agent. Defendant in fact accepted the benefits of the contract by scheduling the reservation and accepting the deposit payment.

14. Through emails, conduct, and actions, Defendant entered into a binding contract with Plaintiff, through Plaintiff's agent, Show Ready Technologies, Inc.

15. On April 3, 2024, a second walkthrough was conducted of the Russell Industrial Center, which was attended by Show Ready Technologies, Inc.'s Kory Miller, Paul James, and Deborah Kanter, Nicole Miller—Plaintiff's hired caterer—, Jasiah Helm—a representative of Plaintiff—, and Defendant's Karen Addison and Dwon Monson. It was made palpably clear to Defendant's Karen Addison and Dwon Monson that the rental of the Russell Industrial Center was for a speaking engagement of a political nature.

16. At all times relevant to the controversy, Defendant had actual knowledge that Deborah Kanter and Show Ready Technologies, Inc., were not themselves going to use the Russell Industrial Center for a speaking engagement, but rather, that Deborah Kanter and Show Ready Technologies, Inc., were communicating with and entering into the rental agreement on behalf of Plaintiff.

17. Starting June 12, 2024, Plaintiff's agents began preparing the Russell Industrial Center for Plaintiff's annual America First Political Action Conference.

18. Upon information and belief, starting on or about June 12, 2024, third-party interlopers who oppose Plaintiff and Plaintiff's right-of-center political persuasion began to put pressure on Defendant to cancel Plaintiff's rental of the Russell Industrial Center.

19. While the agents or employees of Plaintiff were preparing the Russell Industrial Center for Plaintiff's annual America First Political Action Conference on June 12, 2024, Ian Zapico—who is believed to be a tenant of the Russell Industrial Center—posted in the "Tenants of the Russell Industrial Center" Facebook group, "Did you guys know there's a white supremacy meeting being set up in the exhibition center right now ???"

20. On June 13, 2024, Defendant's Karen Addison and someone whose first name was mentioned as being "Nico" telephoned Show Ready Technologies, Inc.'s Kory

Miller and Deborah Kanter to inform them that Plaintiff's rental of the Russell Industrial Center had been cancelled by Defendant

21. On June 14, 2024, police officers of the Detroit Police Department arrived—at the request of Defendant—to the Russell Industrial Center and informed Plaintiff's representatives who were present that anyone affiliated with Show Ready Technologies, Inc., or Plaintiff had to leave the premises after they collected their personal property or else they would be trespassed.

22. Defendant breached its contractual obligations to Plaintiff when Defendant refused to allow Plaintiff to use the Russell Industrial Center for Plaintiff's June 15 to 16, 2024, America First Political Action Conference.

23. On June 15, 2024, the *Detroit Free Press* published an article—which is accessible online at <https://www.freep.com/story/news/local/michigan/detroit/2024/06/15/america-first-conference-in-detroit-is-canceled-amid-dispute/74113669007/>—in which it is pertinently alleged:

> **But an official with the Russell Industrial Center said they were tricked by the group and never had any contract directly with Fuentes or AFPAC.** The center was working with a third party, "a local and reputable production company that does large scale corporate events for other reputable companies," the spokesman said. He said they would have never accepted such an event if they had known what they promote.

(Emphasis added.)

Defendant's purported factual representations to the *Detroit Free Press* reporter are misrepresentations of fact: Defendant, by and through one or more of its agents, was in fact personally informed by Nicholas J. Fuentes—who personally did a walkthrough of the Russell Industrial Center with Defendant's Karen Addison—that the America First Foundation is the entity which would be using the Russell Industrial Center for the planned event which involved speeches of a right-of-center political nature, and it was made clear to Defendant by Deborah Kanter of Show Ready Technologies, Inc., that the rented venue would be for a speaking engagement. There was no material misrepresentation of any kind on the part of Plaintiff when it comes to the formation of the contract at issue in the instant controversy.

24. Plaintiff estimates that approximately 1,500 people were planning to attend Plaintiff's planned June 15 to 16, 2024, America First Political Action Conference, and Plaintiff incurred significant financial injury as a direct and proximate result of paying the costs associated with an event which did not happen at the Russell Industrial Center due to Defendant's breach of the contract; to wit:

a. Plaintiff paid $218,835.68 to Show Ready Technologies, Inc., for services and production-related costs, in addition to a processing fee of $1,921.25 associated with the payment—for a total of $220,756.93.

b. Plaintiff paid $200,650.00 to Kristina's Catering, LLC, for food and beverages.

c. Plaintiff paid $4,145.33 to <https://www.customlanyard.net/>, $1,173.00 to <https://www.vistaprint.com/>, $1,831.18 to <https://www.stickermule.com/>, $11,842.32 to Inkwell Screen Printing & Embroidery, Inc., $6,022.60 to <https://doorstepprinting.com/>, and $479.32 to <https://www.bestofsigns.com/> for lanyards, pamphlets, stickers, t-shirts, and signs which were event-specific for the planned conference at the Russell Industrial Center.

d. Plaintiff paid $13,168.93 as processing fees associated with tickets purchased by would-be attendees of the conference.

e. Plaintiff paid $487.33 for U-Haul to transport material to the Russell Industrial Center.

f. Plaintiff is alleged to owe Show Ready Technologies, Inc., an additional $190,087.37 for services that have been rendered and for production-related costs.

25. Defendant's last-minute cancellation of Plaintiff's rental of the Russell Industrial Center resulted in Plaintiff suffering the sum total amount of $650,644.31 in damages.

## V.  CAUSE OF ACTION

### COUNT I
### COMMON LAW BREACH OF CONTRACT

26. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

27. There exists between Plaintiff and Defendant a valid, enforceable contract, which was formed through Defendant's assent and Show Ready Technologies, Inc.'s actions on behalf of Plaintiff as Plaintiff's agent—which Plaintiff has the right to enforce.

28. Defendant breached Defendant's contractual obligations to Plaintiff by failing to perform and/or engaging in performance that does not conform to the contract's requirements.

29. Plaintiff did not breach its contractual obligations to Defendant at the time Defendant breached Defendant's contractual obligations to Plaintiff.

30. Due directly and proximately to Defendant's breach of the contract, Plaintiff suffered financial injury.

31. Defendant is liable to Plaintiff for common law breach of contract.

WHEREFORE, Plaintiff prays that this Honorable Court will enter judgment in Plaintiff's favor against Defendant in the amount of $650,644.31 for damages—or whatever sum of money in excess of $75,000.00 is justified—based upon the evidence to be presented to the Court.

       Respectfully submitted,

       **BRISTOW LAW, PLLC**

       <u>/s/ Kyle J. Bristow</u>
       Kyle J. Bristow (P77200)
       P.O. Box 453
       St. Clair, MI 48079
       (T):  (248) 838-9934
       (F):  (586) 408-6384
       (E):  bristowlaw@gmail.com
       *Attorney for America First Foundation*

Dated:  December 22, 2025

## **CERTIFICATE OF SERVICE**

I, Kyle J. Bristow, affirm that I am an attorney of record for a party to the above-captioned civil action, and on December 22, 2025, I submitted this document to the Court's Electronic Filing System which should provide notice of said filing to all attorneys of record for parties to the instant civil action who have registered to receive such service.

/s/ Kyle J. Bristow
Kyle J. Bristow (P77200)
P.O. Box 453
St. Clair, MI 48079
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
*Attorney for America First Foundation*

Dated:  December 22, 2025