UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICA FIRST FOUNDATION,

        PLAINTIFF,        Case No. 24-cv-12684

-vs-        Hon. DENISE PAGE HOOD

CLAY STREET ENTERTAINMENT, LLC,

        DEFENDANT,
_____/

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, CLAY STREET ENTERTAINMENT, by and through its counsel, BEN GONEK and JAMES GEROMETTA, hereby submits the following Answer to Plaintiff's Amended Complaint, along with Defendant's Affirmative Defenses:

## ANSWER TO PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

1. Admit Plaintiff has filed suit against Defendant. Deny that Plaintiff suffered injury as a result of Defendant's actions. Deny that Defendant had a contractual obligation to Plaintiff. Deny that there was a "last minute cancellation" of any contractual obligation.

## II. PARTIES

2. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and leaves Plaintiff to its proofs.

3. Admit.

## III. JURISDICTION AND VENUE

4. Deny the dispute involves over $75,000.

5. Admit, except to the allegation that misconduct occurred. Admit personal jurisdiction.

6. Admit venue is proper if subject matter jurisdiction is established and leaves Plaintiff to its proofs.

## IV. STATEMENT OF FACTS

7. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and leaves Plaintiff to its proofs.

8. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and leaves Plaintiff to its proofs.

9. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and leaves Plaintiff to its proofs.

10. Defendant lacks knowledge or information sufficient to admit or deny Deborah Kanter's status relative to Show Ready Technologies, Inc. and leaves Plaintiff to its proofs. Admit that Deborah Kanter communicated with

Defendant to discuss leasing the venue. Deny she communicated that the venue was to be used for the 2024 America First Political Action Conference.

11. Admit.

12. Deny that either Kory Miller or Nicholas Fuentes was transparent about the nature of the planned event. Admit that a written rental agreement was provided for Show Ready Technologies, Inc.'s signature.

13. Deny that an agreement was entered into between Plaintiff, America First Foundation, and Defendant. Admit $7,198 was sent to Defendant.

14. Deny that Plaintiff entered into a binding contract with Defendant.

15. Admit a walkthrough was conducted. Deny that the nature of the speaking engagement was "palpably clear."

16. Admit that Defendant was aware that employees or owners of Show Ready Technologies, Inc., were not speaking personally. Deny that Show Ready Technologies was entering into a contract on behalf of Plaintiff as their agent.

17. Admit that Plaintiff's agents began preparing the Russell Industrial Center for use on or about that date.

18. Deny.

19. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and leaves Plaintiff to its proofs.

20. Admit.

21. Admit that on June 14, 2024, it was necessary to call the police due to Plaintiff's trespass.

22. Deny that there was a contractual obligation.

23. Admit that the Detroit News Published the referenced story. Deny that the purported factual representations were misrepresentations. Deny the remaining factual allegations in the paragraph.

24. (a-f) Defendant lacks knowledge or information sufficient to admit or deny the damage allegations of these subparagraphs and leaves Plaintiff to its proofs.

25. Deny Plaintiff is liable for any damages.

V. <u>CAUSE OF ACTION</u>

COUNT I

COMMON LAW BREACH OF CONTRACT

26. To the extent that a response is required, Defendant incorporates his above responses to paragraphs 1-25.

27. Deny that a valid, enforceable contract exists or that Plaintiff has a right to enforce an such contract. t.

28. Deny there was a valid contract. Deny that Defendant breached any contract.

29. Deny that Plaintiff had not breached any contract.

30. Deny that Plaintiff suffered injury. Deny that Defendant was the cause of any injury.

4

31. Deny Defendant is liable.

## **AFFIRMATIVE DEFENSES**

1. Failure to State Claim: Plaintiff's allegations are insufficient to constitute a cause of action against Defendant upon which relief can be granted.

2. Statute of Frauds: No signed agreement was entered into by the parties.

3. No Privy of Contract: There was no contract between Plaintiff and Defendant.

4. Condition Precedent: Plaintiff or their agent failed to satisfy all conditions precedent to obligate Defendant to perform.

5. Lack of Duty or Obligation: Defendant owed no duty or obligation to Plaintiff and is thus not liable for damages.

6. Failure to Mitigate Damages: Plaintiffs' claim for damages is barred to the extent they have failed, refused and/or neglected to mitigate or avoid the damages alleged in the Complaint, if any.

7. Fraud: Plaintiff and/or its agents made knowingly false misrepresentations.

8. Failure to Name an Indispensable Party: Plaintiff's complaint fails to name an indispensable party to the suit.

Defendant asserts these defenses pursuant to Fed. R. Civ. P. 12 (b), but such defenses may not be exclusive, and Defendant does not concede that it bears any

5

burden of proof or production with respect to these or other additional defenses that may arise in the course of this litigation.

To the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendant reserves the right to amend these defenses and/or assert additional defenses or claims that may become known during the course of discovery and during any other proceeding in this action.

### DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues so triable.

WHEREFORE, Defendant respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, that the Court enter judgment in Defendant's favor, and that Defendant be awarded costs and expenses incurred herein, including reasonable attorneys' fees.

Respectfully Submitted,

*/s/ Ben M. Gonek*
BEN M. GONEK (P43716)
Law Office of Ben Gonek, PLLC
14290 Northline Rd.
Southgate, MI 48195
(313) 963-3377
ben@goneklaw.com

*/s/ James R. Gerometta*
JAMES R. GEROMETTA (P60260)
Law Office of James Gerometta, PLLC
27 E. Flint St.
Suite 2
Lake Orion, MI 48362
(313) 530-9505
james@geromettalaw.com

Dated: January 12, 2026

## CERTIFICATE OF SERVICE

Ben M. Gonek hereby states that on the 12th day of January 2026, he caused the foregoing *Defendant's Answer to Plaintiff's Amended Complaint and Affirmative Defenses* to be filed with the Court and that copies of same were forwarded to all counsel of record via the CM/ECF system.

*/s/ James R. Gerometta*
JAMES R. GEROMETTA

7