# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **AMERICA FIRST FOUNDATION,** | **Case No. 2:24-CV-12684-DPH-DRG** |
| Plaintiff, | **Hon. Denise Page Hood** |
| v. | **Mag. David R. Grand** |
| **CLAY STREET ENTERTAINMENT, LLC,** | |
| Defendant. | |

| | |
|---|---|
| **BRISTOW LAW, PLLC** | **LAW OFFICE OF BEN GONEK, PLLC** |
| Kyle J. Bristow (P77200) | Ben M. Gonek (P43716) |
| P.O. Box 453 | 14290 Northline Rd. |
| St. Clair, MI 48079 | Southgate, MI 48195 |
| (T):  (248) 838-9934 | (T):  (313) 963-3377 |
| (F):  (586) 408-6384 | (F):  (313) 924-1284 |
| (E):  bristowlaw@gmail.com | (E):  ben@goneklaw.com |
| *Attorney for America First Foundation* | *Attorney for Clay Street Entertainment, LLC* |

**LAW OFFICE OF JAMES GEROMETTA**
James R. Gerometta (P60260)
27 E. Flint St., Ste. 2
Lake Orion, MI 48362
(T):  (313) 899-7826
(E):  james@geromettalaw.com
*Attorney for Clay Street Entertainment, LLC*

---

## PLAINTIFF AMERICA FIRST FOUNDATION'S REPLY TO DEFENDANT CLAY STREET ENTERTAINMENT LLC'S ANSWER TO PLAINTIFF AMERICA FIRST FOUNDATION'S MOTION FOR SUMMARY JUDGMENT

---

NOW COMES America First Foundation ("Plaintiff"), by and through Attorney Kyle J. Bristow, and hereby propounds upon Clay Street Entertainment, LLC ("Defendant"), and this Honorable Court Plaintiff America First Foundation's Reply to Defendant Clay Street Entertainment LLC'S Answer[1] to Plaintiff America First Foundation's Motion For Summary Judgment[2]:

## I.  INTRODUCTION

Defendant's Response does not identify a genuine dispute of material fact—it attempts to manufacture one by contradicting the documentary record and by advancing legally defective arguments.

The material facts remain undisputed:  Defendant accepted Plaintiff's deposit, coordinated logistics—including security—for Plaintiff's event, authorized early load-in, and then breached the contract on the eve of performance.  (ECF No. 16, PageID. 92-237; ECF No. 21; PageID. 326-352).

This is breach of contract as a matter of law.

## II.  DEFENDANT'S "NO PRIVITY" ARGUMENT FAILS AS A MATTER OF LAW

Defendant's claim that it did not contract with Plaintiff is foreclosed by the record.  Show Ready Technologies, Inc., expressly informed Defendant that it was acting as the "agency/production company * * * for our client" and "handling all

---

[1] (ECF No. 20, PageID. 298-325)
[2] (ECF No. 16, PageID. 92-237)

payments * * * on their behalf[.]"  (ECF No. 16-2, PageID. 137).  Defendant accepted payment and coordinated the event on that basis.  (ECF No. 16, PageID. 102-103).

Defendant's Karen Addison personally interacted with Plaintiff's Nicholas J. Fuentes and Jasiah Helm during walkthroughs of the venue, and she thus knew that Show Ready Technologies, Inc., itself was not going to use the venue for the speaking engagement.  (ECF No. 16, PageID. 101-102).

This is actual authority, or at a minimum, apparently authority.  *Meretta v. Peach*, 195 Mich. App. 695, 697, 491 N.W.2d 278 (1992).

Notwithstanding the foregoing, Defendant's conduct also independently establishes that a contract exists:  (1) Defendant accepted the deposit, (2) Defendant scheduled the reservation for the venue, (3) Defendant coordinated security for the event, and (4) Defendant's Karen Addison authorized the load-in to occur early and before the final payment was made.  (ECF No. 16, PageID. 102-105).

The mutual assent necessary for a contract to be created may be inferred from the conduct of the parties.  *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 371, 666 N.W.2d 251 (2003).

Even assuming arguendo that agency was genuinely disputed—which it is not—the record establishes ratification as a matter of law.

3

A principal ratifies an agent's actions where it accepts the benefits of the transaction with knowledge of the material facts.

For the instant case, Defendant accepted the deposit, scheduled the event, coordinated logistics and security, and allowed load-in to begin before Defendant was fully paid.  (ECF No. 16, PageID. 102-105).  Defendant accepted the benefits of the agreement and performed under it.  That is ratification.

Simply said, Defendant cannot accept the benefits of a contract and then later deny the existence of that contract.

## III.  DEFENDANT MISAPPLIES *VARLESI*, WHICH DOES NOT GOVERN CONTRACT FORMATION

Defendant relies on *Varlesi v. Wayne State University*, 909 F. Supp. 2d 827 (E.D. Mich. 2012), to argue that no agency exists absent "day-to-day control." (ECF No. 20, PageID.302–303).  Defendant's argument fails.

*Varlesi* addresses vicarious liability in tort—not contract formation. It concerns whether an entity may be held liable under a respondeat superior framework requiring day-to-day control.  This case concerns whether a contract was formed through an intermediary acting on behalf of a principal.

Michigan law does not require a principal to exercise day-to-day control in order for an agent to bind it to a contract.  *Meretta*, 195 Mich. App. at 697.

Moreover, Defendant ignores apparent authority.  Here, Defendant was told Show Ready Technologies, Inc., was acting for a "client" and paying the deposit on

their "behalf," Defendant accepted payment and performed on that basis, and Defendant coordinated the event it knew was being held for that client.  (ECF No. 16-2, PageID. 137; ECF No. 16, PageID. 102–104).

Defendant invokes *Varlesi* as though this were a vicarious liability case requiring day-to-day control.  It is not.  This is a contract formation case, and Michigan law does not require a principal to micromanage its agent in order to be bound by agreements entered into on its behalf.

## IV.  DEFENDANT'S "PRIOR BREACH" THEORY FAILS BASED UPON THE UNDISPUTED RECORD EVIDENCE

Plaintiff incorporates by reference as if fully set forth herein Section IV. B. 2. of Plaintiff's Answer to Defendant's Motion for Summary Judgment.  (ECF No. 21, PageID. 339-349).

## V.  DEFENDANT'S "LACK OF KNOWLEDGE" CLAIM IS CONTRADICTED BY THE RECORD

Defendant claims it was unaware of the nature of Plaintiff's event.  The record proves otherwise.

On May 22, 2024, Defendant was told security would include pat-downs and a screening tent: "We will run pat-downs in the parking lot tent…" (ECF No. 16-2, PageID. 154).  Since when do ordinary corporate events involve pat-downs, multiple security personnel, and a screening tent in a parking lot?  Defendant also coordinated security and participated in walkthroughs, and the draft rental agreement identified

the planned event as being a **"Speaking Engagement**." (Emphasis in original.) (ECF No. 16, PageID.100–104; ECF No. 16-2, PageID.148).

Defendant knew that the event was for Plaintiff, that it involved a speaking engagement, and that security would be necessary for it because of controversy.

## VI.  DEFENDANT'S AFFIDAVITS DO NOT CREATE A GENUINE ISSUE OF MATERIAL FACT

In the Affidavit of Jasiah Helm, Mr. Helm articulates what was communicated to Defendant's Karen Addison during the walkthroughs Mr. Helm attended with Nicholas J. Fuentes.   (ECF No. 16-1, Page ID. 121-123).   Defendant's Niko Matsamakis was not present during these walkthroughs, so he is in no position to submit an affidavit to rebut what Mr. Helm and Mr. Fuentes told Ms. Addison during the walkthroughs.  As such, Affidavit of Niko Matsamakis (ECF No. 20-2, PageID. 315-316) does not create a triable issue of material fact insofar as it does not rebut what Mr. Helm and Mr. Fuentes told Ms. Addison during the walkthroughs.

With regards to Ms. Addison's Affidavit, it does not create a genuine issue of material fact insofar as it is conclusory and directly contradicted by documentary evidence, including:  emails discussing pat-downs and a security screening tent (ECF No. 16-2, PageID. 154), Defendant's coordination with third-party security vendors (ECF No. 16, PageID. 103–104), and the draft proposed written rental agreement identifying the event as a "**Speaking Engagement**" (Emphasis in original) (ECF No. 16-2, PageID. 148).

6

Ms. Addison's Affidavit is not evidence of a genuine dispute; it is a poor attempt to rewrite events after the fact and which contradict the record evidence.

## VII.  DEFENDANT'S IRRELEVANT ATTACKS CONFIRM PRETEXT

Defendant's discussion of Plaintiff's political views is irrelevant to contract formation and breach.  It does, however, underscore the true reason for Defendant's conduct:   cancellation due to external pressure rather than any contractual deficiency.

## VIII.  CONCLUSION

There is no genuine dispute of material fact. A contract was formed, Defendant performed under it, Defendant breached it, and Plaintiff suffered damages.

Plaintiff is entitled to judgment as a matter of law.

Respectfully submitted,

**BRISTOW LAW, PLLC**

/s/ Kyle J. Bristow
Kyle J. Bristow (P77200)
P.O. Box 453
St. Clair, MI 48079
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
*Attorney for America First Foundation*

Dated:  April 19, 2026

7

## CERTIFICATE OF SERVICE

I, Kyle J. Bristow, affirm that I am an attorney of record for a party to the above-captioned civil action, and on April 19, 2026, I submitted this document to the Court's Electronic Filing System, which should provide notice of said filing to all attorneys of record for parties to the instant civil action who have registered to receive such service.

/s/ Kyle J. Bristow
Kyle J. Bristow (P77200)
P.O. Box 453
St. Clair, MI 48079
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
*Attorney for America First Foundation*

Dated:  April 19, 2026